### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| **ROBERT KNIGHT, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **V.** | : | **NO. 5:23-cv-00494-TES-CHW** |
| | : | |
| **OFFICER RENE MARTINEZ, *et al.,*** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

### ORDER and RECOMMENDATION

Plaintiff Robert Knight, Jr., a prisoner in Coastal State Prison in Garden City, Georgia, has filed a 42 U.S.C. § 1983 complaint.  Compl., ECF No. 1.  The named Defendants have filed motions to dismiss, asserting that Plaintiff has not perfected proper service and that Plaintiff's complaint fails to state a claim for relief.   Mot. to Dismiss, ECF No. 4, 5.

Defendants' motions to dismiss are premature. As Plaintiff is currently an inmate seeking to proceed against government officers in this case, his complaint is subject to 28 U.S.C. § 1915A(a), which requires this Court to screen the action.  Following screening, if warranted, the Court will be responsible for service of process.  Because Plaintiff's complaint has not yet been through the screening process, his failure to serve the defendants is not a proper basis to dismiss the complaint at this time.   Therefore, it is **RECOMMENDED** that the motions to dismiss (ECF No. 4, 5) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the district judge **WITHIN FOURTEEN (14) DAYS** after

being served with a copy of this Recommendation.   Any objection is limited in length to **TWENTY (20) PAGES**.   *See* M.D. Ga. L.R. 7.4.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.   *See* 11th Cir. R. 3-1.

Plaintiff's complaint is not yet ripe for screening. The complaint does not, at present, state a cause of action, but Plaintiff will be given an opportunity to recast his complaint. Plaintiff has not signed the portion of the complaint that was submitted to this Court, and the complaint is otherwise incomplete.   *See* Compl., ECF No. 1.   Instead of filing a statement of the claim, Plaintiff has attached portions of a trial transcript.   He does not provide any allegations of specific actions that he believes violated his constitutional rights.

If he wants to proceed with this action, Plaintiff is **ORDERED** to submit a complete, signed complaint on the 42 U.S.C. § 1983 form.   The complaint must include a statement of Plaintiff's claims, in which Plaintiff must clearly explain in his own words what each defendant did or did not do that Plaintiff believes violated his constitutional rights.   If Plaintiff asserts a claim but does not connect that claim to any defendant, that claim may be subject to dismissal.   Likewise, if Plaintiff names a defendant but does not allege any facts to show what the defendant did, that defendant may be subject to dismissal.   Plaintiff should state his claims as simply as possible.   He need not use legal terminology or cite

any specific statute or case law to state a claim. *See* Fed. R. Civ. P. 8.

Additionally, Plaintiff has neither paid the $405.00 filing fee for a civil rights complaint nor submitted a motion to proceed *in forma pauperis*. Therefore, Plaintiff is also **ORDERED** to pay the full filing fee or to file a motion to proceed *in forma pauperis*. The motion must include a completed affidavit and an account certification with a printout of Plaintiff's account transactions for the six months before he filed the complaint.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to complete these actions. Additionally, while this case is pending, Plaintiff must promptly notify the Court in writing as to any change in his mailing address. Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this case.

The **CLERK** is **DIRECTED** to forward Plaintiff a new 42 U.S.C. § 1983 form and a motion to proceed *in forma pauperis* with the proper account certification form along with Plaintiff's service copy of this order (with the civil action number showing on all). There shall be no service in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 12th day of March, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

3