IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROBERT KNIGHT, JR., | : |
| Plaintiff, | : |
| V. | : |
| COASTAL STATE PRISON, *et al.*, | : NO. 5:23-cv-00494-TES-CHW |
| Defendants. | : |

## ORDER & RECOMMENDATION

Plaintiff Robert Knight, Jr., a prisoner in Coastal State Prison in Garden City, Georgia, filed a 42 U.S.C. § 1983 complaint. Compl., ECF No. 1. Because Plaintiff did not sign the portion of the complaint that was submitted to this Court and the complaint was otherwise incomplete, Plaintiff was ordered to submit a complete, signed complaint on the 42 U.S.C. § 1983 form. Order, ECF No. 6. Plaintiff was also ordered to pay the $405.00 filing fee for a civil rights complaint or to file a motion to proceed *in forma pauperis*. *Id.* Plaintiff has now filed an amended complaint and a motion to proceed *in forma pauperis*. Am. Compl., ECF No. 7; Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 8. As set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 8) is **GRANTED**, and Plaintiff's complaint is ripe for preliminary review.

On that review, Plaintiff will be permitted to proceed for further factual development on his excessive force claim against Officer Rene Martinez. It is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim as set forth below.

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Any court of the United States may authorize the commencement of a civil action, without prepayment of the required filing fee (*in forma pauperis*), if the plaintiff shows that he is indigent and financially unable to pay the court's filing fee. *See* 28 U.S.C. § 1915(a). A prisoner wishing to proceed under § 1915 must provide the district court with both (1) an affidavit in support of his claim of indigence, and (2) a certified copy of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b).

Pursuant to this provision, Plaintiff has moved for leave to proceed without prepayment of the $350.00 filing fee, and his submissions show that he is currently unable to prepay any portion of the filing fee. Plaintiff's motion to proceed *in forma pauperis* is therefore **GRANTED**. Plaintiff is, however, still obligated to eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if Plaintiff's complaint is dismissed prior to service.

For this reason, the **CLERK** is **DIRECTED** to forward a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee, as explained below.

    A.    <u>Directions to Plaintiff's Custodian</u>

Because Plaintiff has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein

Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the **CLERK** of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's trust account at said institution until the $350.00 filing fee has been paid in full. The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00. The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

      B.    <u>Plaintiff's Obligations Upon Release</u>

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I. <u>Standard of Review</u>

Because he has been granted leave to proceed *in forma pauperis*, Plaintiff's complaint is now ripe for preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and thus, *pro se* claims are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the

4

speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   Plaintiff's Allegations

Plaintiff asserts that, on the evening of December 15, 2021, he was parked in a Dollar General parking lot smoking a cigarette. Am. Compl. 5, ECF No. 7. When Plaintiff threw his cigarette away, it went into the road and started a fire. *Id.* Officer Rene Martinez was in the area and pulled into the Dollar General parking lot behind Plaintiff. *Id.* Martinez told Plaintiff to get back into his car without saying why he was asking Plaintiff to do so. *Id.* Plaintiff started to get back into his car, but he noticed Martinez put his hand on his gun. *Id.* Instead of getting back in his car, Plaintiff ran. *Id.*

At that point, Officer Martinez shot Plaintiff in the head with his taser without warning Plaintiff. *Id.* Martinez then deployed his taser on Plaintiff many additional times. *Id.* Thereafter, Martinez provided his captain, David Gay, with a false report stating that Plaintiff jumped out of his car and threw a gun before running away. *Id.* at 5-6. Martinez also reported that a gun fell from Plaintiff's waistband when he tasered Plaintiff, but Plaintiff contends that it was actually a cellular phone that fell from his waistband. *Id.* at 6. Plaintiff names Officer Martinez, Captain Gay, and the City of Omega Police Department as defendants in this action. *Id.* at 4.

III. Plaintiff's Claims

A. Excessive Force

Plaintiff asserts that Officer Rene Martinez used excessive force on Plaintiff during his arrest. "The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." *Lee v. Ferraro*, 284 F.3d 1188, 1197 (11th Cir. 2002). Although the right to use some degree of force comes with the right to make an arrest, the question is whether the force used was reasonable, which is judged on a case-by-case basis. *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 737-38 (11th Cir. 2010).

Even if that the original use of the taser was reasonable, Plaintiff asserts that Officer Martinez tasered him many additional times after the first one. Thus, it appears possible that Martinez's use of force was not reasonable, and Plaintiff will be permitted to proceed for further factual development on his excessive force claim against Officer Rene Martinez.

B.    <u>False Police Report</u>

Plaintiff asserts that Officer Martinez lied in the police report related to Plaintiff's arrest. This allegation implicates a potential claim for malicious prosecution. To state a claim for malicious prosecution under 42 U.S.C. § 1983, a plaintiff must allege facts showing a violation of the Fourth Amendment coupled with the elements of a malicious prosecution tort claim, which are that the defendant instituted or continued a criminal prosecution against the plaintiff with malice and without probable cause, which terminated in the plaintiff's favor and caused damage to the plaintiff. *See Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003).

To the extent that the purportedly false police report was used to institute or continue a criminal prosecution, Plaintiff has not alleged facts showing that such case terminated in his favor. Thus, Plaintiff's allegations do not state a claim for malicious prosecution, and it is **RECOMMENDED** that this claim be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

C.    <u>Captain David Gay</u>

Plaintiff includes Captain David Gay as a defendant in this case, but his only allegation relating to Gay is that Officer Martinez submitted a false police report to Gay. This does not show that Gay participated in any purported violation of Plaintiff's rights. To the extent that Plaintiff may be attempting to assert that Gay further submitted the police report to support the prosecution of Plaintiff, such claim fails for the reasons set forth above.

Insofar as Plaintiff may be attempting to assert a claim against Gay based on his supervisory authority, to state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in an alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986). This may be done by alleging facts showing that the official either "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, 340 F. App'x 527, 531 (11th Cir. 2009) (per curiam) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)).

Plaintiff does not allege facts showing either that Gay personally participated in a constitutional violation or that there was a causal connection between Gay and the alleged violation. Therefore, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** as to his claims against Captain Gay.

### D.   City of Omega Police Department

Finally, Plaintiff names the City of Omega Police Department as a defendant. Whether a defendant is a legal entity capable of being sued in a § 1983 action is controlled by the law of the state where the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing Fed. R. Civ. P. 17(b)). In this case, this question is governed by Georgia law. In this regard, the Georgia Supreme Court has explained that there are only

three classes of legal entities: "'(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue.'" *Ga. Insurers Insolvency Pool v. Elbert Cty.*, 368 S.E.2d 500, 502 (Ga. 1998) (quoting *Cravey v. SE Underwriters Ass'n*, 105 S.E.2d 497 (Ga. 1958)).

The City of Omega Police Department is not a legal entity capable of being sued under Georgia law. *See id.*; *see also Brannon v. Thomas Cty. Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (per curiam); *Lovelace v. Dekalb Central Probation*, 144 F. App'x 793, 795 (11th Cir. 2005) (per curiam). Therefore, it is also **RECOMMENDED** that any claims against the City of Omega Police Department be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

IV.   Conclusion

Thus, as set forth above, Plaintiff will be permitted to proceed for further factual development on his excessive force claim against Officer Rene Martinez. It is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this order and recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this order and recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written

objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

For those reasons discussed above, it is hereby **ORDERED** that service be made on **DEFENDANT OFFICER RENE MARTINEZ**, and that he file an Answer, or other response as appropriate under the Federal Rules, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is also reminded of the duty to avoid unnecessary service expenses, and the possible imposition of expenses for failure to waive service.

## DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) for failure to prosecute. Defendant is advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his

11

lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but no later than one hundred-twenty (120) days from when the discovery period begins.

**SO ORDERED and RECOMMENDED**, this 15th day of May, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge