# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ROBERT KNIGHT, JR., <br><br> *Plaintiff*, <br><br> v. <br><br> COASTAL STATE PRISON, *and* OFFICER RENE MARTINEZ, <br><br> *Defendants*. | CIVIL ACTION NO. <br> 5:23-cv-00494-TES-CHW |

## ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S ORDER AND RECOMMENDATION

The United States Magistrate Judge issued an Order and Recommendation (O&R) [Doc. 47] on July 10, 2025, recommending that the Court grant Defendant Officer Rene Martinez's Motion for Summary Judgment [Doc. 31] and deny both Plaintiff's "motion to resolve this legal issue without going to trial" [Doc. 26] and his Motion for Summary Judgment [Doc. 39]. Plaintiff filed a timely Objection [Doc. 49] on July 25, 2025. Therefore, the Court reviews de novo "those portions of the [O&R] to which" Plaintiff objected and reviews all other portions for clear error. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## DISCUSSION

Plaintiff first objects that the Magistrate Judge "left out" his Motion for Summary Judgment and failed to consider the evidence contained therein. [Doc. 49, p. 1]. The

record shows otherwise. The Magistrate Judge not only denied Officer Martinez's Motion to Strike Plaintiff's filing, but he also went out of his way to liberally construe it as both "a timely response to Defendant's motion for summary judgment as well as his own motion for summary judgment"—to ensure that every and argument and exhibit *was considered*. [Doc. 41, p. 3]. This favorable construction did not hurt Plaintiff—it helped him. To the extent that Plaintiff objects to the Magistrate Judge's application of Federal Rule of Civil Procedure 56(e)(2) and Local Rule 56, the Court agrees that Officer Martinez properly supported his factual assertions with specific citations to the record and that Plaintiff failed to specifically refute them. *See* [Doc. 47, p. 5]; Fed. R. Civ. P. 56(e)(2); LR 56, MDGa; *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008). Thus, the Court **OVERRULES** Plaintiff's first objection.

Second, Plaintiff objects that the Magistrate Judge improperly relied on Officer Martinez's BWC footage, arguing—presumably with a straight face—that the object that fell from his pants was a cell phone, not a handgun, and that the date and time stamps on the footage are inaccurate. [Doc. 49, pp. 1–3]. The BWC footage—accurately described in the O&R, [Doc. 47, pp. 2–4], and Officer Martinez's affidavit, [Doc. 31-1, ¶¶ 12–20]—tells a different story. It shows Plaintiff running away, Officer Martinez deploying his taser, Plaintiff abruptly transitioning from a sprint into a headlong dive, and a distinctly handgun-shaped object falling out of Plaintiff's waistband and onto the pavement. When a video "quite clearly contradicts" on side's version of events, courts

are not obliged to adopt that version. *Scott v. Harris*, 550 U.S. 372, 378, 380–81 (2007). Having carefully reviewed Officer Martinez's BWC footage, the Court easily finds that the object at issue here was a handgun. Plaintiff's attempts to cast doubt on the accuracy of the BWC footage are without merit, so the Court **OVERRULES** Plaintiff's second objection.

Third, Plaintiff objects that the Magistrate Judge overlooked the fact that he was already subdued when Officer Martinez continued to tase him. See [Doc. 49, p. 3]. The record, including the BWC footage and Officer Martinez's sworn affidavit, shows that "subdued" is an overstatement. Plaintiff repeatedly refused to comply with commands to show his hands and resisted positioning for handcuffing—all shortly after attempting to flee and while a firearm had just fallen from his waistband. Balancing the severity of the crime, the threat posed, and Plaintiff's active resistance, Officer Martinez's use of force was objectively reasonable. *See Graham v. Connor*, 490 U.S. 386, 395–97 (1989). The Court therefore **OVERRULES** Plaintiff's third objection.

The Court has reviewed Plaintiff's remaining scattershot objections, *see* [Doc. 49], and finds them meritless. Those objections are **OVERRULED**. Having reviewed the remainder of the O&R for clear error, the Court finds none and adopts the O&R in full.

## CONCLUSION

Having reviewed "those portions of the [O&R] to which" Plaintiff objected de novo and all other portions of the O&R for clear error, the Court **OVERRULES**

Plaintiff's Objections [Doc. 49], **ADOPTS** the Magistrate Judge's O&R [Doc. 47], and **MAKES IT THE ORDER OF THE COURT**.

Accordingly, the Court **GRANTS** Defendant Martinez's Motion for Summary Judgment [Doc. 31], **DENIES** Plaintiff's "motion to resolve this legal issue without going to trial" [Doc. 26], **DENIES** Plaintiff's Motion for Summary Judgment [Doc. 39], and **DENIES** Plaintiff's pending Motion to Compel Production [Doc. 48] **as moot**. The Court **DIRECTS** the Clerk of Court to enter judgment for Defendant and close this case.

**SO ORDERED**, this 8th day of August, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**